Marble v. Thomas.

---

77 $\overline{111}$
178s 540

## Oliver W. Marble v. William H. Thomas, Caroline Thomas, William F. Thomas, Benjamin M. Thomas, D. R. Thomas, Mathilda L. Thomas, Mary A. Thomas, Carrie M. Thomas, Isabella B. Thomas and Nora Gridley.

1. EQUITY PRACTICE—*Failure to File Exceptions to Master's Report.* —Where a party fails to file his exceptions to a master's report in the court below, the Appellate Court will consider all questions of fact conclusively settled by the findings of the master.

Creditor's Bill.—Trial in the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding; hearing and decree dismissing the bill. Appeal by complainant. Heard in this court at the October term, 1897. Affirmed. Opinion filed June 29, 1898.

HENRY L. REXFORD, attorney for appellant; SAMUEL M. BOOTH, of counsel.

John G. Henderson, attorney for appellees.

Every question raised by the assignment of errors in this court, is here raised for the first time. Such a practice is not tolerated.

The rule is well stated in Singer v. Steele, 125 Ill. 426, 429, as follows:

" The practice is, where a party is dissatisfied with the finding of the master in chancery, he shall make distinct exceptions, so the court can readily understand what matters are at issue between the parties, otherwise it will be understood he acquiesces in the conclusions and findings of the master. According to the well settled practice, the court in this case first determined, by its interlocutory decree, the rights of the parties, and fixed the basis upon which the account should be taken, and then referred the cause to the master in chancery. On the coming in of his report, if the party was dissatisfied with its conclusions or findings, it was his privilege to file exceptions specifically pointing out the errors thought to have been made by the master, which could be readily determined by the court. That was not done by complainants, and they will not now be heard to make objections to the master's report, which they did not take and insist upon in the trial court." See also Reigard v. McNeil, 38 Ill. 401; Dates v. Winstanley, 53 Ill. App. 627; Hewitt v. Dement, 57 Ill. 500; Clark v. Laughlin, 62 Ill. 278; Brainerd v. Hudson, 103 Ill. 218, 221; Cheltenham Improvement Co. v. Whitehead, 128 Ill. 285; Reedy v. Millizen, 155 Ill. 648.

But even if proper objections had been filed with the master, followed by necessary exceptions in the trial court, this court would never disturb the report of the master.

" The finding of a master in matters referred to him, in regard to the facts established by the testimony, is as conclusive upon the parties as the verdict of a jury in a civil cause, and will be reviewed or set aside only for the same reasons that a verdict would be." Whitcomb v. Duell, 54 Ill. App. 650; Bartholomae & Roesing Brewing Co. v. Schroeder, 67 Ill. App. 560, 564; Hudek v. Ennesser, 66 Ill.

App. 609; Friedman v. Schoengen, 59 Ill. App. 376; Williams v. Lindblom, 163 Ill. 346.

Mr. Justice Windes delivered the opinion of the court.

Appellant filed a creditor's bill on a judgment in his favor against the appellee William H. Thomas, making as defendants thereto said Thomas and nine others. Several amendments were made to the bill in which, and the original bill, the usual charges and allegations of the ordinary creditor's bill were made, including the charge that the judgment debtor was interested in and the owner of certain real estate, which is specifically described. The bill did not waive answers under oath; the defendants filed answers under oath, denying the principal allegations of the bill and amendments, and after replications filed the cause was referred to the master to take proof and report his opinion on the law and evidence.

The master reported, among other things, that the equities are with the defendant, William H. Thomas, and that he has no interest, legal or equitable, in the property described in the bill, or in any other property, real or personal, of any nature, kind or description.

Objections to the master's report were filed with the master, raising certain questions of fact on the report, which were overruled by the master. A hearing was had before the chancellor upon the pleadings, the master's report and evidence taken before him, but no exceptions were filed in the court to the master's report.

A decree was entered approving and confirming the master's report and dismissing the bill at complainant's costs, but the decree is not shown by the abstract, which is sufficient of itself to justify the court in confirming the decree. No questions of law are presented by appellant's brief—only questions of fact, all of which are conclusively settled by the findings of the master, there being no exceptions taken thereto before the chancellor. Singer v. Steele, 125 Ill. 426–9; Cheltenham, etc., Co., v. Whitehead, 128 Ill. 285.

The decree is affirmed.